UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 06-1615(DSD/JJG)

Traci R. King, as trustee for
the heirs and next of kin of
Michael L. King,

       Plaintiff,

v.                                                **ORDER**

Liberty Homes, Inc., Doug
Williams d/b/a W & W
Trucking, Inc., Ira Neal
Greshens, and Amerimont,
Inc., d/b/a Heartland Homes,

       Defendants,

v.

East Central Energy,

       Third-Party Defendant.


    William E. Jepsen, Esq. and Schwebel, Goetz & Sieben, 80 South Eighth Street, Suite 5120, Minneapolis, MN 55402, counsel for plaintiff.

    Patrick D. Reilly, Esq., Kristy A. Saum, Esq. and Erstad & Riemer, 8009 34th Avenue South, Suite 200, Minneapolis, MN 55425, counsel for Liberty Homes, Inc.

    John C. Hughes, Esq. and Meagher & Geer, 33 South Sixth Street, Suite 4400, Minneapolis, MN 55402, counsel for defendant W & W Trucking.

    James R. Gray, Esq., William A. Celebrezze, Esq. and Aafedt, Forde, Gray, Monson & Hager, 150 South Fifth Street, Suite 2600, Minneapolis, MN 55402, counsel for defendant Amerimont.

    Matthew S. Van Bruggen, Esq., Paul F. Carlson, Esq. and Kennedy & Nervig, P.O. Box 647, 503 Jefferson Street South, Wadena, MN 56482, counsel for East Central Energy.

This matter is before the court upon cross-motions for summary judgment by defendant Liberty Homes, Inc., and plaintiff Traci R. King, trustee for the heirs and next-of kin of Michael L. King and personal representative of the estate of Michael L. King. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court denies plaintiff's motion and grants defendant's motion.

**BACKGROUND**

On July 30, 2005, defendant Ira Neal Greshens was driving a semi-tractor owned by defendant W&W Trucking, Inc., ("W&W Trucking") and pulling the middle segment of a manufactured home. The manufactured home struck an overhead power transmission line near Milaca, Minnesota, which then struck Michael L. King and caused his death. At the time of the accident, Greshens was transporting the third of three segments of a home manufactured by defendant Liberty Homes, Inc. ("Liberty"). Liberty had sold the home to defendant Amerimont, Inc. ("Amerimont") and hired W&W Trucking to transport the home from Dorchester, Wisconsin, to Baker, Montana, where Amerimont intended to resell the home. Liberty and Amerimont each deny ownership of the home at the time of the accident. The issues currently before the court are whether the owner of the home is liable for W&W Trucking's alleged negligence and, if so, which defendant owned the home at that time.

Following manufacture of the home, Liberty identified the home with the serial number 2097XTU and transported the home in three segments: 2097X, 2097T and 2097U. Each of the three segments had a nondetachable, nonreturnable undercarriage and hitch that was purchased with the home. Liberty prepared separate bills of lading and obtained separate vehicle identification numbers for each segment. (Jepsen Aff. Exs. 5-7.) The terms of the parties' sale agreement were set forth on a Liberty order form and included that Amerimont would pay cash on delivery. (See id. Exs. 2, 13.) Liberty was responsible for delivering the home and hired W&W trucking to provide transportation services. (Id. Ex. 6.)

King now moves for partial summary judgment, arguing that W&W and the owner of the trailer are jointly liable for W&W's negligence and that the owner of the trailer at the time of the accident was Liberty Homes. Liberty moves for summary judgment on the basis that the section of the manufactured home was not a "motor vehicle" for purposes of Minnesota Statutes section 169.09 and there is no common law theory of joint liability under which Liberty can be liable for the actions of W&W.

## DISCUSSION

I. **Standard of Review**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A fact is material when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. Id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in the light most favorable to the nonmoving party. Id. at 255.  The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324.

**II.  Statutory Liability**

Pursuant to Minnesota Statutes section 169.09, subdivision 5(a), whenever a "motor vehicle" is operated within the state of Minnesota by a person other than the vehicle's owner, with the owner's consent, the operator of the vehicle is deemed to be the agent of the vehicle's owner.  The text of section 169.09, subdivision 5(a), was formerly located within the Minnesota Safety Responsibility Act ("MSRA") at Minnesota Statutes section 170.54, which was largely repealed in 1974 when the Minnesota legislature

4

enacted the No-Fault Act. However, the agency liability provision formerly within the MSRA was not recodified under chapter 169 until June 3, 2005, and the recodification took effect August 1, 2005. See 2005 Minn. Laws Ch. 163 § 88. Therefore, the parties agree that the definition of a "motor vehicle" within chapter 169 of the Minnesota Statutes does not govern this action because the agency liability provision was not recodified until two days after the accident in this case.[1]

In repealing the definition of a "motor vehicle" from the MSRA, the Minnesota Supreme Court has held that the Minnesota legislature "clearly intended" that the No-Fault Act's definition of a "motor vehicle" replace the definition of a "motor vehicle" contained in the MSRA. Great Am. Ins. Co. v. Golla, 493 N.W.2d 602, 604-05 (Minn. 1992). The No-Fault Act defines a "motor vehicle" as

> every vehicle, other than a motorcycle or other vehicle with fewer than four wheels, which (a) is required to be registered pursuant to chapter 168, and (b) is designed to be self-propelled by an engine or motor for use primarily upon public roads, highways or streets in the transportation of persons or property, and includes a trailer with one or more wheels, when the trailer is connected to or being towed by a motor vehicle.

Minn. Stat. § 65B.43 subd. 2.

---

[1] For purposes of chapter 169 of the Minnesota Statutes, a "motor vehicle" is defined as "every vehicle which is self-propelled" and "vehicle" is defined to mean "every device in, upon, or by which any person or property is or may be transported or drawn upon a highway." Minn. Stat. § 169.01 subds. 2 and 3.

In this case, the manufactured home was not required to be registered under chapter 168, which expressly provides that manufactured homes "shall not be taxed as motor vehicles using the public streets and highways and shall be exempt from the motor vehicle tax provisions of this chapter." Minn. Stat. § 168.012 subd. 9; see also Minn. Stat. §§ 168.011, 327.31 (definition of "manufactured home" for purposes of chapter 168). Further, the parties agree that the home was not designed to be self-propelled or for use primarily on public roads. However, the parties dispute whether the home is a "trailer" and thereby included within the section's definition of a "motor vehicle."

The No-Fault Act does not define "trailer," and King relies upon the definition of a "trailer" found within chapter 169, which provides that a trailer

> means any vehicle designed for carrying property or passengers on its own structure and for being drawn by a motor vehicle but does not include a trailer drawn by a truck-tractor semitrailer combination or an auxiliary axle on a motor vehicle which carries a portion of the weight of the motor vehicle to which it is attached.

Minn. Stat. § 169.01, subd. 10. King argues that the undercarriage, axles and wheels of the manufactured home comprise a "trailer" that was being hauled by a motor vehicle. The court disagrees. The home was constructed with the undercarriage attached to the home for the sole purpose of facilitating transport of the home itself through the attachment of wheels. The

6

undercarriage is not a "vehicle designed for carrying property or passengers on its own structure" because the device by which the home is capable of being drawn upon a highway is a nondetachable component of the home itself.  Because the middle segment of the manufactured home is not a vehicle that is subject to registration under chapter 168 and self-propelled or a trailer, the agency principles set forth in section 169.09 subdivision 5(a) do not apply in this case.  Therefore, even if Liberty is the owner of the manufactured home, Liberty cannot be liable under section 169.09, and summary judgment in favor of Liberty is warranted.

### III.  Common Law Joint Liability

Lastly, Liberty argues that it is also not liable for any negligent conduct by W&W under common law principles of agency, joint enterprise or joint venture.  King has not opposed Liberty's arguments based on these common law theories of liability.  Therefore, summary judgment in favor of Liberty on those issues is also warranted.

### CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1.   Plaintiff's motion for summary judgment [Doc. No. 64] is denied.

    2.    Defendant Liberty Homes's motion for summary judgment [Doc. No. 71] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  July 31, 2007

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court